United States District Court
Southern District of Texas
**ENTERED**
June 04, 2018
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JOE P. YOUNG, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:18-CV-109 |
| | § | |
| COREY FURR, *et al*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND RECOMMENDATION
## TO DISMISS CERTAIN CLAIMS AND TO RETAIN CASE

Joe P. Young is a Texas inmate appearing *pro se* and *in forma pauperis*. He filed this prisoner civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff's case is subject to screening pursuant to the Prison Litigation Reform Act. *See* 42 U.S.C. § 1997e(c); 28 U.S.C. §§1915(e)(2), 1915A. For purposes of screening, Plaintiff has stated claims under the First Amendment and the Religious Land Use and Institutionalized Persons Act (RLUIPA), 42 U.S.C. § 2000cc *et seq.* against **Head Warden Sifuentes** in his official capacity for injunctive relief. The undersigned will order service on this defendant.

The undersigned further recommends that Plaintiff's claims against the remaining defendants be **DISMISSED** for failure to state a claim and/or as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) for the reasons set forth below.

## I.      JURISDICTION

The Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331.  This case has been referred to the undersigned magistrate judge for case management and making recommendations on dispositive motions pursuant to 28 U.S.C. § 636.

## II.     PROCEDURAL BACKGROUND AND PLAINTIFF'S ALLEGATIONS

Plaintiff is a prisoner at the McConnell Unit of the Texas Department of Criminal Justice, Criminal Institutions Division (TDCJ), and he is currently serving a life sentence for a murder conviction out of Tarrant County, Texas.  Plaintiff's allegations arise in connection with his current assignment to the McConnell Unit.

Plaintiff sues the following defendants in their individual and official capacities: (1) Assistant Warden Corey Furr; (2) Veronica Inmon, member of the Unit Classification Committee (UCC); and (3) Head Warden Sifuentes.  Plaintiff, a practitioner of the Jewish faith, alleges he was denied the right to wear a religious beard after being classified as a security risk.  Plaintiff alleges, however, that his security classification was based on a false charge that he attempted to escape from prison in 1999.  Plaintiff asserts violations of his right to practice his faith under the RLUIPA as well as the First Amendment.  He seeks injunctive relief in the form of being allowed to grow a religious beard.

A  *Spears*[1]  hearing  was  conducted  on  May  23,  2018.    The  following representations were made either at the hearing or in Plaintiff's original complaint (D.E. 1):  Plaintiff arrived at the McConnell Unit in August of 2003.  Plaintiff has been actively

---

[1] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985); *see also Eason v. Holt*, 73 F.3d 600, 603 (5th Cir. 1996) (stating that testimony given at a *Spears* hearing is incorporated into the pleadings).

practicing the Jewish faith since 2005 and has designated the Jewish faith with the TDCJ as his religious preference. He has been seeking to wear a religious beard since 2014 when the TDCJ changed its policy to allow inmates with sincere religious beliefs to wear a beard to a certain length. According to Plaintiff, his faith requires him to grow a religious beard.

While housed at the Allred Unit in 1999, Plaintiff was falsely accused of attempting to escape from prison as part of a disciplinary case brought against him. Plaintiff was charged at that time with possession of contraband consisting of cigarettes and a map that could be used to plan an escape. Plaintiff described the map as consisting of a bike route taken from a newspaper. The published bike route did not go by the Allred Unit.

Based on his 1999 disciplinary case, Plaintiff's classification record contains an "EA" code for attempting escape ("EA" code), resulting in him receiving a "security precaution" designation. Plaintiff testified that he has made no escape attempts while in TDCJ custody. His current classification is G-4, which is medium custody. During his twenty-one years in TDCJ custody, Plaintiff has received at most eleven disciplinary cases.

In 2014, Plaintiff sought permission through an I-60 request to wear a religious beard pursuant to the TDCJ policy enacted at the time in the wake of recent Fifth Circuit and Supreme Court decisions. Plaintiff testified that he has no issue with the TDCJ policy in terms of beard length and grooming requirements. Plaintiff's I-60 request was denied due to the EA code on his record.

In a Step 1 grievance, dated December 15, 2017, Plaintiff complained about being denied a religious beard.  He further disputed his EA code which caused him to receive a "security precaution" designation.  (D.E. 1-1, p. 3).  Warden Furr denied Plaintiff's Step 1 grievance, finding that Plaintiff's "security precaution designator" was correct and that, pursuant to agency policy, he was ineligible to grow a religious beard.  (D.E. 1-1, p. 4).

Plaintiff filed a Step 2 grievance, complaining again about the incorrect EA designation.  (D.E. 1-1, p. 1).  Plaintiff asserted he was improperly denied a religious beard as he never had a history of escape or an escape attempt.  (D.E. 1-1, p. 1).  The reviewing officer denied Plaintiff's Step 2 grievance, finding that inmates like Plaintiff with a security precaution designator for escape and/or attempted escape under prison policy are not allowed to grow a religious beard.  (D.E. 1-1, p. 2).

Plaintiff clarified at the *Spears* hearing that he seeks only injunctive relief.[2] Plaintiff expressed his belief that Assistant Warden Furr could provide the requested injunctive relief because he has signed off on every grievance that Plaintiff has filed. However, he acknowledged that Warden Sifuentes is the head warden at the McConnell Unit.  He further testified that Defendant Inmon worked with the UCC and provided "invalid" information as part of the grievance investigation into Plaintiff's beard request.

## III.   LEGAL STANDARD

When a prisoner seeks to proceed *in forma pauperis,* the Court shall evaluate the complaint and dismiss it without service of process, if the Court finds the complaint frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks

---

[2]  Other than seeking court costs should he prevail in this action, Plaintiff does not seek any monetary relief.

monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A.
*See* 28 U.S.C. § 1915(e)(2)(B) (providing that a court shall review an *in forma pauperis*
complaint as soon as practicable and dismiss it if it is frivolous or malicious, fails to state
a claim upon which relief may be granted, or seeks monetary relief from an immune
defendant). A claim is frivolous if it has no arguable basis in law or fact. *Neitzke v.
Williams,* 490 U.S. 319 (1989). A claim has no arguable basis in law if it is based on an
indisputably meritless legal theory, "such as if the complaint alleges the violation of a
legal interest which clearly does not exist." *Davis v. Scott,* 157 F.3d 1003, 1005 (5th Cir.
1998). A claim has no arguable basis in fact if "after providing the plaintiff the
opportunity to present additional facts when necessary, the facts alleged are clearly
baseless." *Talib v. Gilley,* 138 F.3d 211, 213 (5th Cir. 1998).

"In analyzing the complaint, [the Court] will accept all well-pleaded facts as true,
viewing them in the light most favorable to the plaintiff." *Jones v. Greninger,* 188 F.3d
322, 324 (5th Cir. 1999). "The issue is not whether the plaintiff will ultimately prevail,
but whether he is entitled to offer evidence to support his claim. Thus, the Court should
not dismiss the claim unless the plaintiff would not be entitled to relief under any set of
facts or any possible theory that he could prove consistent with the allegations in the
complaint." *Id.* (citations omitted).

Section 1983 provides a vehicle for redressing the violation of federal law by
those acting under color of state law. *Nelson v. Campbell*, 541 U.S. 637, 643 (2004). To
prevail on a § 1983 claim, the plaintiff must prove that a person acting under the color of
state law deprived him of a right secured by the Constitution or laws of the United States.

42 U.S.C. § 1983; *West v. Atkins,* 487 U.S. 42, 48 (1988).  A defendant acts under color of state law if he misuses or abuses official power and if there is a nexus between the victim, the improper conduct, and the defendant's performance of official duties. *Townsend v. Moya,* 291 F.3d 859, 861 (5th Cir. 2002).

**IV.   DISCUSSION**

   **A.   First Amendment and RLUIPA**

The First Amendment to the United States Constitution provides that Congress shall make no law respecting the establishment of religion, or prohibiting the free exercise thereof. U.S. Const., amend. I.  The United States Supreme Court has held that prisoners retain their First Amendment right, including the right to free exercise of religion.  *O'Lone v. Estate of Shabazz*, 482 U.S. 342, 348 (1987).

Nevertheless, an inmate retains only those First Amendment rights which "are not inconsistent with his status as a prisoner or with the legitimate penological objectives of the corrections system."  *Pell v. Procunier*, 417 U.S. 817, 822 (1974).  Thus, a prisoner's right to practice his religion may be limited where the prison officials establish that there is a legitimate penological objective.  *Id.*; *Cruz v. Beto*, 405 U.S. 319, 322, n. 2 (1972) (per curiam); *Hicks v. Garner*, 69 F.3d 22, 25 (5th Cir. 1995).  "[W]hen a prison regulation impinges on inmates' constitutional rights, the regulation is valid if it is reasonably related to legitimate penological interests."  *O'Lone*, 482 U.S. at 349 (quoting *Turner v. Safley*, 482 U.S. 78, 89 (1987)).

The RLUPIA "poses a far greater challenge than does *Turner* to prison regulations that impinge on inmates' free exercise of religion."  *Freeman v. Tex. Dep't of Criminal*

*Justice*, 369 F.3d 854, 858 n.1 (5th Cir. 2004).  Congress has also mandated that courts construe the RLUPIA "in favor of a broad protection of religious exercise," to the maximum extent permitted by law. 42 U.S.C. § 2000cc.

RLUIPA § 3 addresses restrictions on the religious exercise of institutionalized persons.  42 U.S.C. § 2000cc-1, § 3.   This section provides that "[n]o government shall impose a substantial burden on the religious exercise' of an institutionalized person unless the government demonstrates that the burden "is in furtherance of a compelling government interest" and "is the least restrictive means of furthering" that interest.  RLUPIA does not provide a cause of action for individual capacity claims.  *Jones v. Alfred*, 353 F. App'x 949, 951 (5th Cir. 2009).

Plaintiff's testimony at his *Spears* hearing reflects his sincere belief in the Jewish faith.  He claims that the invalid placement of an EA code on his classification record for attempting an escape followed by the denial of his right to wear a religious beard based on that EA code substantially burdens his ability to practice his religion.   Plaintiff's allegations are sufficient at this stage to warrant further factual development of both his RLUIPA and First Amendment claims.  The undersigned now turns toward determining the proper defendant in this case with respect to his claims seeking injunctive relief.

### B.    Proper Defendant

Plaintiff sues each of the defendants in their individual and official capacities.  However, to the extent Plaintiff is attempting to sue Defendants Furr, Inmon, and Sifuentes in their individual capacities under the RLUIPA, such claims are barred.  *See Sossaman v. Lone Star State of Texas,* 560 F.3d 316, 329 (5th Cir. 2009) (holding that,

even though RLUIPA "unambiguously creates a private right of action for injunctive and declaratory relief," the statute does not authorize individual capacity actions).

With respect to his RLUIPA and First Amendment claims, Plaintiff seeks injunctive relief in the form of being allowed to grow a religious beard pursuant to the applicable TDCJ policy.  He named Assistant Warden Furr because he signed off on every grievance that Plaintiff filed, including his grievance seeking to grow a religious beard.  Plaintiff further named Ms. Inmon, who allegedly provided "invalid" information as part of the grievance investigation into Plaintiff's beard request.

The fact that Defendants Furr and Inmon participated in the grievance process either in providing information or denying Plaintiff's grievances does not confer upon them authority to grant Plaintiff the injunctive relief he seeks in this case.  Furthermore, Plaintiff has no constitutional right to have his grievances investigated, let alone answered in his favor.  *See Geiger v. Jowers*, 404 F.3d 371, 373-74 (5th Cir. 2005).  On the other hand, Head Warden Sifuentes appears to be the individual most likely able to fashion the relief Plaintiff is seeking should he prevail on his claims.  Because Head Warden Sifuentes is the best person to implement the injunctive relief requested, the undersigned respectfully recommends that Plaintiff's First Amendment and RLUIPA claims be retained as to Defendant Sifuentes in his official capacity only and dismissed as to Defendants Furr and Inmon.

## V.    CONCLUSION

For purposes of § 1915A, Plaintiff has stated sufficient facts that, if true, state First Amendment and RLUIPA claims against **Head Warden Sifuentes** in his official

capacity for injunctive relief.   Accordingly, it is respectfully recommended that these claims be **RETAINED.**   The undersigned will order service as to **Head Warden Sifuentes** by separate order.   It is respectfully recommended that all remaining claims and Defendants be **DISMISSED** for failure to state a claim and/or as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).

Respectfully submitted this 4th day of June, 2018.

Jason B. Libby
United States Magistrate Judge

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.  *Douglass v. United Servs. Auto Ass'n,* 79 F.3d 1415 (5th Cir. 1996) (en banc).